

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Between

Jonathan Steinberg        PLAINTIFF

   -and-                                              COMPLAINT

Tom Zebrasky              DEFENDANT

1. By a contract dated on or about 22nd November 1999  between Jonathan Steinberg [the plaintiff], attorney at law of 200 East 90th Street , New York NY 10128 and Tom Zebrasky [the defendant] of 10178 Springfield Road, Youngstown,  Ohio it was agreed that the plaintiff would sell to the Defendant within the State of New York a 1967 Aston Martin DB6 motor car for the price of $25,000

2. The plaintiff had authorized the Defendant to collect the said vehicle on performing an inventory of the vehicle and the parts to be delivered with the said vehicle to render it substantially complete. The vehicle was at the premises of Alan Gerst in Long Island City, New York.

3. It was a term of the said contract that as set out in paragraph 2 hereof the Defendant would drive to New York, inventory, sign for and collect the said vehicle from its location at Long Island City and would immediately drive into New York City to meet the Plaintiff at a specified location at 64th Street and Third Avenue to give the Plaintiff a certified check for the said vehicle prior to returning to the Defendant's garage in Youngstown Ohio.

4. The said Aston Martin DB6 was in stripped down condition and was warranted as being substantially complete as inspected and inventoried by the Defendant.

5. In breach of the term of the contract set out in paragraph 3 hereof, the Defendant failed to inventory the said vehicle prior to signing for and collecting the said vehicle. Nevertheless with knowledge of the condition  of the vehicle and the parts of which the Defendant was taking delivery, acceptance of the vehicle together with such parts

5   as were delivered with the vehicle was signified by the Defendant signing for the said vehicle.

6   In further breach of the contract set out in paragraph 3 hereof, the Defendant failed to meet the Plaintiff at the pre-determined location and pay the Plaintiff for the said vehicle.

7   Pursuant to the breaches of contract mentioned in paragraphs 5 and 6 hereof, the Defendant then proceeded to drive to Ohio with the said vehicle, thereby converting the vehicle to his own use and preventing the Plaintiff from checking, inspecting, verifying or carrying out any inventory or agreeing to any inventory of the said vehicle.

8   On subsequent days, the Defendant contacted the Plaintiff and refused to pay for the said vehicle. The Defendant attempted to re-negotiate the said contract as to price to be paid by the Defendant to the Plaintiff. No agreement was reached between the parties and no figures were agreed between the  parties

9   By virtue of the Defendant's possession of the said vehicle, it was agreed between the parties that such re-negotiation of the purchase price was to be carried out on conclusion of litigation between the Plaintiff and Gerst concerning, inter alia,  parts from the said vehicle which had, unbeknownst to the Plaintiff been stolen by Gerst.

10  In late 2006, the Defendant notified the Plaintiff that the serial number of the engine of which the Defendant had taken delivery and signed for on 22nd November 1999 did not match the serial number of the chassis of the said vehicle.  The Defendant reported that Gerst had stolen the original working engine for the said vehicle and substituted a blown-up engine with parts missing which was the same in specification as the original engine. Despite the Defendant having signed for and accepted the engine pursuant to the 'inventory' mentioned in paragraph 2 hereof on 22nd November 1999 and preventing the Plaintiff from inspecting the vehicle to establish that the engine was not original, the Defendant then announced that he wanted to re-negotiate the contract to take account for the condition of the engine he had accepted with the vehicle which he had picked up.

11 On April 14th 2010 the Defendant communicated with the Plaintiff that the Defendant no longer wanted to purchase the said vehicle becausee inter alia of the condition of the engine, stated furthermore that he, the Defendant was intending to retire soon and could not rebuild the said engine and wanted to draw the matters set out herein to a conclusion.  The Defendant invited proposals for such conclusion from the Plaintiff.

12 As of the date of the communication mentioned in paragraph 11 hereof, the value of the said vehicle as computed by reference to comparables of a similar vehicle and a willing buyer is one hundred and twenty one thousand pounds (£120,000) or depending on exchange rate between sterling and the dollar, one hundred and seventy thousand dollars ($170,000), the Plaintiff having found a willing buyer or buyers who was or were ready to bid in auction for the said vehicle on 7th June 2010.

13 By a communication dated April 19th 2010, without any authorisation from the Plaintiff and without notice, the Defendant suddenly announced  in a USPS certified mail communication that he had been carrying out restoration, conversion and reassembly works to the Plaintiff's said vehicle for which he wanted to charge the Plaintiff; further that without any agreement whatsoever by the Plaintiff to pay for storage,   the Defendant wanted to levy on the Plaintiff retrospective storage charges for the said vehicle since 22nd November 1999 for all periods of time when the Defendant had been carrying on such work to the Plaintiff's vehicle.  The levying of storage charges on vehicles (the Defendant alleges to be pending  repair) are illegal as set out in the New York Department of Motor Vehicles Commissioners Regulation 82.8 (C)(2), the November 1999 contract of sale between the parties and all subsequent agreements or extensions thereof being governed by the law of the State of New York.

14 In the premises the Plaintiff has demanded return of the said DB6 vehicle and arranged for such vehicle to be picked up from the Defendant but the Defendant has converted the said vehicle to his own use and refuses to return the said vehicle to the Plaintiff.

15 In the premises pursuant to the facts and matters set out at paragraphs 1-14 hereof,  the Defendant has refused to return to the Plaintiff the

Aston Martin DB6 mentioned herein and refuses to cooperate with the Plaintiff with the sale of the said vehicle at an auction where the Plaintiff knows the willing bidder mentioned in paragraph 12 hereof and other bidders to want to bid.

AND THE PLAINTIFF CLAIMS

As and for a first cause of action
Damages for breach of contract for the facts and matters set out in paragraphs 5 and 10 hereof in the sum of $50,000 (Fifty thousand dollars)

As and for a second cause of action
Damages for the breach of contract mentioned in paragraph 6 hereof in the sum of one hundred and seventy thousand dollars ($170,000)

As and for a third cause of action
Damages for the conversion of the said DB6 by the Defendant to his own use in May 2010 in the sum of one hundred and seventy thousand dollars ($170,000)

As and for a fourth cause of action
Damages for unlawful bailment in the sum of $50,000 (Fifty thousand dollars)

As and for a fifth cause of action
Damages for fraud as set out in paragraph 13 hereof in the sum of $50,000 (fifty thousand dollars)

As and for a sixth cause of action
Damages amounting to the value of the property unlawfully held by the Defendant akin to trover set out in paragraph 14 hereof along with auction cancellation fees in the sum of one hundred and seventy thousand dollars ($170,000)

Jurisdiction of the United States District Court for the Southern District of New York is assumed under 28 U.S.C § 1332 by nature of diversity of citizenship of the parties to this litigation. The Plaintiff is resident in the

Southern District of New York and the Defendant is resident in Youngstown, Ohio.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signed this 1st day of June 2010

J. R. Steinberg esq
200 East 90th Street
New York NY 10128
1-212-750-9777